446 P.2d 627

**Rex B. LINFORD and Barbara L. Stephens, Plaintiffs-Appellants,**

v.

**Oscar LaVan HUNSAKER, Naomi Hunsaker and Lois V. Hunsaker Pugmire, Defendants-Respondents.**

**No. 10202.**

Supreme Court of Idaho.

Nov. 1, 1968.

Wallace M. Transtrum, Soda Springs, and Olson & Hoggan, Logan, Utah, for plaintiffs-appellants.

Racine, Huntley, Herzog, Olson & Zener, Pocatello, for defendants-respondents.

SMITH, Chief Justice.

Appellants (plaintiffs), are sellers' assignees under a written contract dated July 16, 1960, for the sale and purchase of certain real and personal property situate in Bear Lake County, Idaho. Appellants, by this action, seek to recover from respondents (defendants) interest at the rate of 6% per annum allegedly due and owing to them under the contract. In their complaint, they allege that the contract (a copy of which they included in the complaint) provided for payment of annual installments of principal, which have been paid to and including the year 1965, and "refers to payment of interest but does not fix the rate of interest thereon." Appellants then refer to I.C. § 27–1904, recompiled as I.C. § 28–22–104,[1] which provides for interest at the rate of 6% per annum "where there is no express contract in writing fixing a different rate of interest." They then allege the purchasers had not paid any interest in any amount or at any rate under the contract, notwithstanding demand for payment.

Respondents attacked the complaint by their motion to dismiss, on the ground that the complaint failed to state a claim against respondents upon which relief can be granted. I.R.C.P. 56(c). The trial court prefaced its ruling on the motion by its finding and conclusion as follows:

"It appears to the Court that the contract plead by reference does not provide for the payment of interest. Fur-

---

1. 28–22–104. Legal rate of interest.— When there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of six cents (6¢) on the hundred by the year on:

    1. Money due by express contract.
    2. Money after the same becomes due.
    3. Money lent.
    4. Money due on the judgment of any competent court or tribunal.

    5. Money received to the use of another and retained beyond a reasonable time without the owner's consent, express or implied.
    6. Money due on the settlement of mutual accounts from the date the balance is ascertained.
    7. Money due upon open accounts after three (3) months from the date of the last item.

ther, the complaint does not plead that the annual payments were not paid on the due date. Therefore, the Court must presume that the payments were made on time and no interest would be due until after maturity date."

The trial court thereupon entered summary judgment of dismissal of the action with prejudice. Appellants have appealed therefrom.

Appellants assert that the trial court erred "in ruling as a matter of law that the deferred balance in said agreement does not bear interest until after the maturity date."

I.C. § 28–22–104 provides that in the absence of a contract fixing a different rate, interest at the rate of 6% per annum will be allowed, not on money owing, but on money due, by express contract. Under this contract, the money became "due" on the date it was to be paid, i. e., December 1 of each year. The money was paid as due; hence interest never commenced to run on money due, or after the same became due.

Appellants urge Guyman v. Anderson, 75 Idaho 294, 271 P.2d 1020 (1954) as authority for the proposition that interest becomes payable from the time when the money became owing. In that case, although not dealing with a liquidated claim, money was held to be due from the completion of the work, when the amount due became ascertainable. But, just as in that case, where money and interest were not due from the date of the contract, but from the date when payment became due, so here, under the statute, money and interest were not due from the date of the promise to pay money, but rather from the date that each payment of principal was to be made. Since each principal payment was made on or before the due date prescribed, no interest became due.

Judgment affirmed. Costs to respondents.

TAYLOR, McQUADE, McFADDEN and SPEAR, JJ., concur.